UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| MAX R. MORENO, | ) | |
| Plaintiff, | ) ) ) | 2:09-cv-00602 JWS |
| vs. | ) ) ) | ORDER AND OPINION |
| GENERAL MOTORS COMPANY, a Delaware corporation; KACHINA CADILLAC HUMMER SCANDIA, LLC, d/b/a KACHINA CADILLAC, LLC, an Arizona Limited Liability Company, | ) ) ) ) ) ) | [Motion at Docket 32] |
| Defendants. | ) ) | |

## I. MOTION PRESENTED

At docket 32, defendants General Motors Company and Kachina Cadillac Hummer Scandia, LLC, d/b/a Kachina Cadillac LLC ("defendants") move to dismiss plaintiff Max R. Moreno's complaint for lack of subject matter jurisdiction. Moreno opposes the motion at docket 36. Defendants reply at docket 37. Oral argument was requested, but it would not assist the court.

## II.  BACKGROUND

This action arises out of Moreno's purchase of a 2008 Hummer H3 vehicle in November 2007.  Moreno alleges breaches of the implied warranty of merchantability, the implied warranty of fitness, and the express warranty, as well as a failure to conform the vehicle to the express warranty under federal and Arizona law.[1]  Defendants move to dismiss the action on the ground that Moreno has failed to allege the statutory minimum of $50,000 in damages under the Magnuson-Moss Warranty Act.  Moreno opposes the motion, arguing that the total vehicle purchase price exceeded $50,000.  The first issue to be decided is whether financing charges, taxes, and other fees associated with the purchase of a new vehicle may be considered in determining whether the Act's $50,000 jurisdictional floor has been met.  Once the total purchase price of the vehicle is determined, the court must reconfigure that amount to account for the return of the allegedly defective vehicle and Moreno's usage.  The court considers the parties' positions below.

## III. DISCUSSION

When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the defendant's motion to dismiss.[2]  "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does

---

[1] Docket 1.

[2] *Tosco v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."[3] Motions to dismiss under Rule 12(b)(1) "may be used to attack two different types of jurisdictional defects" - facial insufficiency or factual insufficiency.[4] Facial attacks challenge the sufficiency of the pleading pursuant to Rule 8(a)(1), "which means that the allegations in the complaint are insufficient to show that the federal court has jurisdiction over the subject matter of the case as [Rule 8] requires."[5] A factual attack, on the other hand, permits the movant to challenge the substance of the jurisdictional allegations[6] and the court to consider litigation affidavits or other appropriate evidence to resolve disputes concerning jurisdiction.[7] Once a factual attack is made, as here, a district judge may examine evidence presented by both parties to determine whether jurisdiction exists.[8]

The Magnuson-Moss Warranty Act provides that, "[i]f the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit," then the district court shall not have

---

[3] *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

[4] *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000); see also 5B Wright and Miller, Federal Practice and Procedure: Civil 3d § 1350 (2004) (hereinafter, "Wright and Miller").

[5] Wright and Miller § 1350.

[6] *Id.*

[7] *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

[8] Wright and Miller § 1350.

subject matter jurisdiction.[9] While Congress provided a substantive right of action to consumers, it did not specify the appropriate measure and type of damages available.[10] Therefore, courts have necessarily "turned to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy."[11] In the present case, Moreno relies on A.R.S. § 44-1263, Arizona's so-called "Lemon Law," which states that:

> If the manufacturer, its agents or its authorized dealers are unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any defect or condition which substantially impairs the use and value of the motor vehicle to the consumer after a reasonable number of attempts, *the manufacturer shall replace the motor vehicle with a new motor vehicle or accept return of the motor vehicle from the consumer and refund to the consumer the full purchase price, including all collateral charges, less a reasonable allowance for the consumer's use of the vehicle.* The manufacturer shall make refunds to the consumer and lienholder, if any, as their interests appear. A reasonable allowance for use is that amount directly attributable to use by the consumer before his first written report of the nonconformity to the manufacturer, agent or dealer and during any subsequent period when the vehicle is not out of service by reason of repair.[12]

Therefore, assuming Moreno is able to establish that the full purchase price of the vehicle, including collateral charges, exceeds $50,000, he will be entitled to proceed with this action.

---

[9] 15 U.S.C. § 2310(d)(3)(B). Attorney's and filing fees are "costs and interests" within the meaning of the Act, and are therefore excluded. *See Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1271-72 (11th Cir. 1998) (collecting authorities).

[10] *See Romo v. FFG Insurance Co.*, 397 F. Supp. 2d 1237,1239 (C.D. Cal. 2005).

[11] *Id.*; *see also Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004) (punitive damages not available under Magnuson-Moss Act if not available under state law).

[12] A.R.S. § 44-1263(A) (emphasis added).

As an initial matter, "[t]he amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith, unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount."[13] As stated in the complaint, Moreno seeks damages in an amount not less than $68,700, the "total sale price" of the vehicle before the manufacturer's rebate and including finance, tax, and miscellaneous charges. The breakdown of the "total sale price" is as follows. The base price for the Hummer H3 was $47,449.90. In addition, Moreno incurred tax liability of $3,677.76, was assessed a "dealer documentary fee" of $329, and a GAP insurance fee of $700. Additionally, the dealer secured registration for the vehicle through the Arizona Department of Motor Vehicles in the amount of $668.64. With all of these fees and taxes, the total "cash sale price" reached $52,825.30. After the manufacturer's rebate of $1,500 was subtracted, the unpaid balance of the cash sale price equaled $51,325.30. With financing in the amount of $15,874.70, the total purchase price of the vehicle, and the amount due on Moreno's note, was $67,200.

Defendants claim that the fees, financing charge, and taxes should not be factored into the price of the vehicle for jurisdictional purposes; rather, defendants claim the net selling price of the vehicle, after manufacturer's rebate, was only $45,949.90. However, the financing charges, taxes, and fees assessed in connection with the purchase of the vehicle are not incidental liabilities, but rather are an integral part of the aggregate portion of damages claimed for jurisdictional purposes, for, as every purchaser knows, these "collateral charges" are a reality of the automotive industry -

---

[13]*Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

one cannot purchase a new car without incurring them. If Moreno were to prevail at a trial on the merits, and defendants were called upon to refund the purchase price of the vehicle, the amount of damages would include both the net selling price of the vehicle as well as the fees and taxes associated therewith.[14] Such an award would likely also require defendants to pay the remainder of Moreno's $67,200 note.[15]

The parties cite to no Ninth Circuit authority in point, but other circuits have addressed the question of how to calculate the jurisdictional amount. This court elects to follow the approach used by the Seventh Circuit, which appears to be consistent with the approach used by the other circuits which have addressed the problem. Under the formula enunciated in the Seventh Circuit's decision in *Schimmer v. Jaguar Cars, Inc.*,[16] the total purchase price of the vehicle - $67,200 - must be reduced by two factors. In Magnuson Moss Warranty Act cases, the amount in controversy should be calculated "using the following formula: the price of a replacement vehicle, minus both the present value of the allegedly defective car and the value that the plaintiff received from the use of the allegedly defective car."[17] First, with respect to the value of Moreno's use, Arizona does not provide a strict rule. Defendants point to various formulae in other

---

[14]*Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir. 1994) ("[W]here, as here, interest is owed as part of an underlying contractual obligation, unpaid interest becomes part of the principal for jurisdictional purposes. "); *see also Brainin v. Melikian*, 396 F.2d 153, 155 (3d Cir. 1968).

[15]A.R.S. § 44-1263(A) ("The manufacturer shall make refunds to the consumer and lienholder, if any, as their interests appear.").

[16]384 F.3d 402 (7th Cir. 2004); *see also Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 882-84 (6th Cir. 2005); *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 402 (3d Cir. 2004).

[17]*Id.* at 406.

jurisdictions - notably Oregon, Indiana, Connecticut, and California - that indicate that a reasonable amount of plaintiff's usage should be determined by dividing the number of miles on the vehicle by 100,000-120,000 multiplied by the vehicle purchase price. The current mileage on the vehicle is 8,000[18] which, using California's formula, should be divided by 120,000, the quotient of which is then multiplied by the total purchase price, $67,200, yielding $4,480. Furthermore, although defendants do not make the argument, the total purchase price of the vehicle must also be reduced by the value of the allegedly defective vehicle, in this case approximately $21,275, the value of the vehicle in "fair" condition.[19] Once these two factors are deducted, the total amount in controversy would be $41,045, far less than the $50,000 jurisdictional floor required by the Magnuson-Moss Warranty Act. Moreno's claims are therefore dismissed.

## IV. CONCLUSION

For the reasons stated above, defendants' motion at docket 32 is **GRANTED**. The Clerk will please enter a judgment that this case is **DISMISSED** for lack of subject matter jurisdiction.

DATED this 15th day of January 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[18]Docket 37-1 at 1.

[19]Docket 37-2 at 1.